Charles C.H. Wu, SBN 166756
  cchwu@wclawyers.com
Vikram M. Reddy, SBN 228515
  vreddy@wclawyers.com
Elena N. Sandell, SBN 333153
  esandell@wclawyers.com
**WU & REDDY, A PROF. CORP.**
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111

Attorneys for defendant
Pioneer POS Solution, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC, <br><br>        Plaintiff, <br><br>    vs. <br><br> PIONEER POS SOLUTION, INC., <br><br>        Defendant. | Case No. 2:21-cv-03181-CJC (DFM) <br><br> Judge Cormac J. Carney <br> Magistrate Judge Douglas F. McCormick <br><br> **DEFENDANT AND COUNTERCLAIMANT PIONEER POS SOLUTION, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| PIONEER POS SOLUTION, INC., a California corporation, <br><br>        Counterclaimant, <br><br>    vs. <br><br> ONSCREEN DYNAMICS, LLC, a Delaware limited liability company; and ROES 1 through 10, inclusive, <br><br>        Counterdefendants. | |

Defendant and counterclaimant Pioneer POS Solution, Inc., a California corporation (hereinafter, "Defendant" or "Pioneer"), hereby answers the Complaint filed by plaintiff and counterdefendant Onscreen Dynamics, LLC, a Delaware limited liability company (hereinafter, "Plaintiff" or "Onscreen"), as follows:

1. Defendant admits that the instant action is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, as alleged in Paragraph 1 of the Complaint.

2. Defendant admits Plaintiff is a limited liability company organized under the laws of the State of Delaware. Defendant lacks sufficient information and belief with which to admit or deny the remaining allegations therein, and on that basis denies them, as alleged in Paragraph 2 of the Complaint.

3. Defendant admits it is a corporation organized and existing under the laws of California, with a principal place of business located at 238 Benton Court, City of Industry, CA 91765, and that it sells products and services throughout the United States including in this judicial district. Defendant denies all remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendant admits that the instant action is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, as alleged in Paragraph 4 of the Complaint.

5. Defendant does not contest the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as alleged in the Complaint, as alleged in Paragraph 5 of the Complaint.

6. Defendant does not contest that venue is proper within this District under 28 U.S.C. § 1400(b), as alleged in Paragraph 6 of the Complaint.

7. Defendant does not contest that this Court has personal jurisdiction over Defendant since Defendant is incorporated in California and is subject to the laws of the State of California, as alleged in Paragraph 7 of the Complaint.

8. Defendant admits it is subject to the Court's general and specific personal jurisdiction. Defendant lacks sufficient information and belief with which to admit or deny the remaining allegations set forth in Paragraph 8 of the Complaint, and on that basis denies them.

9. Defendant denies all allegations set forth in Paragraph 9 of the Complaint.

10. Defendant does not contest that personal jurisdiction exists and venue is proper in this Court for Defendant, as alleged in Paragraph 10 of the Complaint.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,395,917 B2

11. In response to Paragraph 11 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 10, inclusive, of the Complaint.

12. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and on that basis denies them.

13. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 13 of the Complaint, and on that basis denies them.

14. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and on that basis denies them.

15. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and on that basis denies them.

16. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and on that basis denies them.

17. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 17 of the Complaint, and on that basis denies them.

18. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 18 of the Complaint, and on that basis denies them.

19. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 19 of the Complaint, and on that basis denies them.

20. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 20 of the Complaint, and on that basis denies them.

21. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 21 of the Complaint, and on that basis denies them.

22. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 22 of the Complaint, and on that basis denies them.

23. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 23 of the Complaint, and on that basis denies them.

24. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 24 of the Complaint, and on that basis denies them.

25. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 25 of the Complaint, and on that basis denies them.

26. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 26 of the Complaint, and on that basis denies them.

27. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and on that basis denies them.

28. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 28 of the Complaint, and on that basis denies them.

29. Defendant denies all allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies all allegations set forth in Paragraph 30 of the Complaint.

31. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 31 of the Complaint, and on that basis denies them.

32. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 32 of the Complaint, and on that basis denies them.

33. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 33 of the Complaint, and on that basis denies them.

34. Defendant denies all allegations setting forth that Defendant engaged in intentional or willful acts to infringe the subject patent, or aided and abetted others to infringe said patent. Defendant lacks sufficient information and belief with which to admit or deny the remaining allegations set forth in Paragraph 34 of the Complaint, and on that basis denies them.

35. Defendant denies all allegations setting forth that Defendant engaged in intentional or willful acts to infringe the subject patent, or aided and abetted others to infringe said patent. Defendant lacks sufficient information and belief with which to admit

or deny the remaining allegations set forth in Paragraph 35 of the Complaint, and on that basis denies them.

36. Defendant denies all allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies all allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies all allegations set forth in Paragraph 38 of the Complaint.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,645,663 B2

39. In response to Paragraph 39 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 38, inclusive, of the Complaint.

40. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 40 of the Complaint, and on that basis denies them.

41. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 41 of the Complaint, and on that basis denies them.

42. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 42 of the Complaint, and on that basis denies them.

43. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 43 of the Complaint, and on that basis denies them.

44. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 44 of the Complaint, and on that basis denies them.

45. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 45 of the Complaint, and on that basis denies them.

46. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 46 of the Complaint, and on that basis denies them.

47. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 47 of the Complaint, and on that basis denies them.

48. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 48 of the Complaint, and on that basis denies them.

49. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 49 of the Complaint, and on that basis denies them.

50. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 50 of the Complaint, and on that basis denies them.

51. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 51 of the Complaint, and on that basis denies them.

52. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 52 of the Complaint, and on that basis denies them.

53. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 53 of the Complaint, and on that basis denies them.

54. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 54 of the Complaint, and on that basis denies them.

55. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 55 of the Complaint, and on that basis denies them.

56. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 56 of the Complaint, and on that basis denies them.

57. Defendant denies all allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies all allegations set forth in Paragraph 58 of the Complaint.

59. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 59 of the Complaint, and on that basis denies them.

60. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 60 of the Complaint, and on that basis denies them.

61. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 61 of the Complaint, and on that basis denies them.

62. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 62 of the Complaint, and on that basis denies them.

63. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 63 of the Complaint, and on that basis denies them.

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRM. DEFENSES AND COUNTERCLAIMS

64. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 64 of the Complaint, and on that basis denies them.

65. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 65 of the Complaint, and on that basis denies them.

66. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 66 of the Complaint, and on that basis denies them.

67. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 67 of the Complaint, and on that basis denies them.

68. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 68 of the Complaint, and on that basis denies them.

69. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 69 of the Complaint, and on that basis denies them.

70. Defendant lacks sufficient information and belief with which to admit or deny the allegations set forth in Paragraph 70 of the Complaint, and on that basis denies them.

71. Defendant denies all allegations setting forth that Defendant engaged in intentional or willful acts to infringe the subject patent, or aided and abetted others to infringe said patent. Defendant lacks sufficient information and belief with which to admit or deny the remaining allegations set forth in Paragraph 71 of the Complaint, and on that basis denies them.

72. Defendant denies all allegations setting forth that Defendant engaged in intentional or willful acts to infringe the subject patent, or aided and abetted others to infringe said patent. Defendant lacks sufficient information and belief with which to admit or deny the remaining allegations set forth in Paragraph 72 of the Complaint, and on that basis denies them.

73. Defendant denies all allegations set forth in Paragraph 73 of the Complaint.

74. Defendant denies all allegations set forth in Paragraph 74 of the Complaint.

75. Defendant denies all allegations set forth in Paragraph 75 of the Complaint.

In answering Plaintiff's Complaint, Defendant further assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

76. No product or service of Defendant that is alleged by Plaintiff to infringe the subject patents asserted in the Complaint ("Subject Patents") infringes said patents, either directly or indirectly, literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

77. The claims of the Subject Patents are invalid based on a ground or grounds specified in Title II of Title 35 of the United States Code as a condition for patentability, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

78. Plaintiff is estopped in view of the prior art and/or by virtue of cancellation, amendments, representations, and concessions made to the United States Patent and Trademark Office during prosecution of the applications for the Subject Patents, from construing any claim to be infringed or to have been infringed by Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches and Waiver)

79. Plaintiff's claims are barred in whole or in part by the doctrines of laches and waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Acquiescence)

80. Plaintiff's claims are barred in whole or in part by the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

81. Defendant's alleged conduct constitutes fair use.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Increased Damages or Attorney's Fees and Costs)

82. Plaintiff is not entitled to increased damages pursuant to 35 U.S.C. §284 nor attorneys' fees and costs pursuant to 35 U.S.C. §285, or any other applicable statutes.

## EIGHTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

83. Plaintiff is barred from asserting the Subject Patents by the equitable doctrine of patent misuse.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

84. The Subject Patents are void and unenforceable by reason of the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Express or Implied License)

85. Plaintiff's claims are barred in whole or in part pursuant to an actual license and/or under the doctrine of implied license.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Absence of Liability for Infringement)

86. There is an absence of liability for infringement for all the foregoing reasons, and for any additional reasons permitted by law or equity. At least one additional reason may be unenforceability of the Subject Patents due to inequitable conduct, and Defendant reserves its right to raise this defense should facts be discovered that warrant application of an inequitable conduct defense.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Unfair Act)

87. Defendant has committed no unfair acts.

\ \ \

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Relief Not In The Public Interest)

88. The relief sought by Plaintiff does not and would not further public interest, and there are strong public reasons for denying Plaintiff the relief sought.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Sale Doctrine)

89. The relief sought by Plaintiff is barred in whole or in part pursuant to the First Sale Doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages per 35 U.S.C. § 287)

90. Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to only those damages occurring after Plaintiff's notice of infringement.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Third Party Liability)

91. Defendant alleges that Plaintiff has no means of recovery against Defendant and that any damage proven to have been sustained by Plaintiff will be the direct and proximate result of the independent intervening negligent and unlawful conduct of third parties or their agents.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

92. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses. As such, Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## COUNTERCLAIMS

Defendant and counterclaimant Pioneer POS Solution, Inc., a California corporation (hereinafter, "Defendant" or "Counterclaimant"), as and for its counterclaims in this action

against plaintiff and counterdefendant Onscreen Dynamics, LLC, a Delaware limited liability company (hereinafter, "Plaintiff" or "Counterdefendant"), and Roes 1-10, inclusive, allege and aver as follows: (The aforementioned counterdefendants are collectively referred to hereinafter singularly as the "Counterdefendant.")

## THE PARTIES

1) Plaintiff/Counterdefendant is a limited liability company organized under the laws of the State of Delaware, which purports to have a business address located at 717 N. Union Street, Wilmington, DE 19805.

2) Defendant/Counterclaimant is a corporation organized and existing under the laws of California, with its principal place of business located at 238 Benton Court, City of Industry, CA 91765.

## JURISDICTION AND VENUE

3) This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because the counterclaims arise under the patent statutes of the United States.

4) This Court has personal jurisdiction over Plaintiff/Counterdefendant by virtue of its assertion of United States Patent No. 9,395,917 B2 (the "'917 Patent") and United States Patent No. 9,645,663 B2 (the "'663 Patent"), collectively referred to as the "Subject Patents" in this Court.

5) Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and/or 1400(b).

6) Jurisdiction is also proper for at least the reason that Plaintiff/Counterdefendant filed the underlying Complaint within this State and district.

7) In light of Plaintiff/Counterdefendant's allegations that Defendant/Counterclaimant has in the past and will in the future infringe, either directly or indirectly, allegedly valid claims of the Subject Patents and Defendant/Counterclaimant's denial of

those allegations, there is a real and immediate controversy between the parties concerning the Subject Patents.

# COUNT I - DECLARATORY JUDGMENT OF
# NON-INFRINGEMENT OF THE '917 PATENT

**(Against Plaintiff/Counterdefendant and Roes 1-10, Inclusive)**

8) Defendant/Counterclaimant incorporates and re-alleges the allegations of Paragraphs 1-7 as if fully stated herein.

9) Defendant/Counterclaimant is not infringing, nor has it infringed, any valid claim of United States Patent No. 9,395,917 B2 (the "'917 Patent").

10) Plaintiff/Counterdefendant and Roes 1-10, inclusive, are precluded from asserting a claim scope that would cover any product or service of Defendant/Counterclaimant in view of the claims, specification, prior art, and the prosecution history of the '917 Patent.

11) Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Defendant/Counterclaimant requests a declaration from the Court that it does not infringe any claim of the '917 Patent, either directly or indirectly.

# COUNT II - DECLARATORY JUDGMENT OF
# INVALIDITY OF THE '917 PATENT

**(Against Plaintiff/Counterdefendant and Roes 1-10, Inclusive)**

12) Defendant/Counterclaimant incorporates and re-alleges the allegations of Paragraphs 1-11 as if fully stated herein.

13) Plaintiff/Counterdefendant's '917 Patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to the failure of Plaintiff/Counterdefendant and Roes 1-10, inclusive, to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and 112.

14) Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Defendant/Counterclaimant requests a declaration from the Court that the claims of the '917 Patent are invalid because they fail to meet the statutory requirements of Title 35 of the United States Code, including without limitation the failure to comply with 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and 112.

## COUNT III - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '663 PATENT

**(Against Plaintiff/Counterdefendant and Roes 1-10, Inclusive)**

15) Defendant/Counterclaimant incorporates and re-alleges the allegations of Paragraphs 1-14 as if fully stated herein.

16) Defendant/Counterclaimant is not infringing, nor has it infringed, any valid claim of United States Patent No. 9,645,663 B2 (the "'663 Patent").

17) Plaintiff/Counterdefendant and Roes 1-10, inclusive, are precluded from asserting a claim scope that would cover any product or service of Defendant/Counterclaimant in view of the claims, specification, prior art, and the prosecution history of the '663 Patent.

18) Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Defendant/Counterclaimant requests a declaration from the Court that it does not infringe any claim of the '663 Patent, either directly or indirectly.

## COUNT IV - DECLARATORY JUDGMENT OF INVALIDITY OF THE '663 PATENT

**(Against Plaintiff/Counterdefendant and Roes 1-10, Inclusive)**

19) Defendant/Counterclaimant incorporates and re-alleges the allegations of Paragraphs 1-18 as if fully stated herein.

20) Plaintiff/Counterdefendant's '663 Patent is invalid for failure to meet the statutory requirements of Title 35 of the United States Code, including, but not limited to

the failure of Plaintiff/Counterdefendant and Roes 1-10, inclusive, to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and 112.

21) Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Defendant/Counterclaimant requests a declaration from the Court that the claims of the '663 Patent are invalid because they fail to meet the statutory requirements of Title 35 of the United States Code, including without limitation, the failure to comply with 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/ Counterclaimant demands judgment for itself and against Plaintiff/Counterdefendant as follows:

A) Dismiss the Complaint with prejudice, with Plaintiff/Counterdefendant taking nothing;

B) Adjudge and declare that the Subject Patents are not and have not been infringed by Defendant/Counterclaimant;

C) Adjudge and declare that United States Patent No. 9,395,917 B2 is invalid;

D) Adjudge and declare that United States Patent No. 9,645,663 B2 is invalid;

E) Issue a Judgment that this is an exceptional case that warrants the award of attorneys' fees and costs to Defendant/Counterclaimant pursuant to 35 U.S.C. §285;

F) Issue an award to Defendant/Counterclaimant of such further relief at law or in equity as the Court deems just and proper; and

G) Provide such other relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant/ Counterclaimant demands a trial by jury on all issues triable as such.

\ \ \

|     |                        |                                                                 |
| --- | ---------------------- | --------------------------------------------------------------- |
| 1   |                        | Respectfully submitted,                                         |
| 2   |                        | **WU & REDDY, A PROF. CORP.**                                   |
| 3   | Dated: July 15, 2021   | By: /s/ Charles C.H. Wu                                         |
| 4   |                        | Charles C.H. Wu, Esq.                                           |
|     |                        | Vikram M. Reddy, Esq.                                           |
| 5   |                        | Elena N. Sandell, Esq.                                          |
|     |                        | Attorneys for defendant and                                     |
| 6   |                        | counterclaimant Pioneer POS Solution, Inc.                      |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF filing system.

Dated this 15th day of July, 2021.

/S/ Charles C.H. Wu
Charles C.H. Wu