DEVLIN LAW FIRM LLC
Jeffrey F. Craft (SBN 147186)
jcraft@devlinlawfirm.com
1731 Fox Springs Circle
Newbury Park, CA 91230
Telephone: (302) 449-9010

Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
Derek Dahlgren (*pro hac vice* to be filed)
ddahlgren@devlinlawfirm.com
Srikant Cheruvu (*pro hac vice* to be filed)
scheruvu@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Onscreen Dynamics, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PIONEER POS SOLUTION, INC.<br><br>    Defendant. | Case No. 2:21-cv-03181-CJC (DFM)<br><br>Judge Cormac J. Carney<br>Magistrate Judge Douglas F. McCormick<br><br>**PLAINTIFF ONSCREEN DYNAMICS, LLC'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

Plaintiff/Counterclaim Defendant, Onscreen Dynamics, LLC ("Onscreen" or "Plaintiff"), by and through its attorneys hereby answers Defendant/Counterclaimant Pioneer POS Solution, Inc.'s ("Pioneer" or "Defendant") Counterclaims as follows:

## GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b)(3), Plaintiff/Counterclaim Defendant denies all allegations in Defendant/Counterclaimant's Counterclaims except those specifically admitted below:

## THE PARTIES

1. Admitted.

2. Onscreen admits Defendant/Counterclaimant has represented in its Counterclaims that it is a corporation organized and existing under the laws of California, with its principal place of business located at 238 Benton Court, City of Industry, CA 91765.

## JURISDICTION AND VENUE

3. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Onscreen admits that it will not contest subject matter jurisdiction or venue in this Court for purposes of this action.

4. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Onscreen admits that it will not contest personal jurisdiction for purposes of this action.

5. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Onscreen admits that it will not contest venue for purposes of this action.

6. Admitted.

7. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Onscreen admits that it will not contest there is a real and immediate controversy between the parties concerning the Subject Patents for purposes of this action.

### COUNT I : "DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '917 PATENT"

8. Paragraph 8 does not contain any allegations, and therefore no response is required.

9. Denied.

10. Denied.

11. Denied.

### COUNT II: "DECLARATORY JUDGMENT OF INVALIDITY OF THE '917 PATENT"

12. Paragraph 12 does not contain any allegations, and therefore no response is required.

13. Denied.

14. Denied.

### COUNT III: "DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '663 PATENT"

15. Paragraph 15 does not contain any allegations, and therefore no response is required.

16. Denied.

17. Denied.

18. Denied.

### COUNT IV: "DECLARATORY JUDGMENT OF INVALIDITY OF THE '663 PATENT"

19. Paragraph 19 does not contain any allegations, and therefore no response is required.

20. Denied.

21. Denied.

### RESPONSE TO PRAYER FOR RELIEF

Plaintiff denies any and all remaining allegations not specifically admitted and denies that Defendant is entitled to the relief requested in the Counterclaims or to any other relief. To the extent that any statement in Defendant's PRAYER FOR RELIEF is considered to contain factual

allegations that require a response, Plaintiff denies each and every such allegation. Plaintiff denies each and every allegation of non-infringement and invalidity as alleged in Defendant's Counterclaims.

## JURY DEMAND

This paragraph does not require a response from Plaintiff. To the extent that a response is required, Plaintiff admits that Defendant purports to demand a jury on all issues triable of right by a jury.

## AFFIRMATIVE DEFENSES

In response to Defendant/Counterclaimant's Counterclaims, Onscreen asserts the following affirmative defenses. Onscreen reserves the right to assert additional affirmative defenses as they become known through discovery. These affirmative defenses are asserted without any concession that Onscreen bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

Defendant/Counterclaimant's Counterclaims fail to state a claim upon which relief can be granted including, but not limited to, failure of Defendant/Counterclaimant's Counterclaims to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND AFFIRMATIVE DEFENSE

Defendant/Counterclaimant's Counterclaims as to invalidity fail because Defendant fails to identify art that anticipates or renders invalid the asserted claims of the '917 and '663 patents that was in use or publication prior to the conception date of the inventions embodied in the asserted claims.

## THIRD AFFIRMATIVE DEFENSE

Defendant/Counterclaimant's Counterclaims as to non-infringement fail because Defendant fails to provide any basis that the asserted claims of the '917 and '663 patents are not infringed.

## FOURTH AFFIRMATIVE DEFENSE

Defendant/Counterclaimant's Counterclaims as to invalidity fail because Defendant fails to provide any basis that the asserted claims of the '917 and '663 patents are invalid for failure to meet the statutory requirements of Title 35 of the United States Code.

## FIFTH AFFIRMATIVE DEFENSE

Defendant/Counterclaimant's Counterclaims are barred, in whole or in part, by equitable doctrines, including, but not limited to, waiver and/or acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

Defendant/Counterclaimant is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

## RESERVATION OF ADDITIONAL DEFENSES

Onscreen reserves the right to assert any additional legal or equitable defense or claim which may now exist or in the future may be available based on discovery and further factual investigation in this case.

Defendant/Counterclaimant's Counterclaims should be dismissed and, instead, Onscreen is entitled to the relief requested in its Complaint asserted against Defendants for direct and indirect infringement of the '917 and '663 patents, which are incorporated herein by reference.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Onscreen demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.  A judgment denying Pioneer any and all of its requested relief, any other relief, and dismissing Pioneer's Counterclaims in their entirety with prejudice;

B.  A judgment that for each and every claim of the '917 and '663 patents, Pioneer has not proven them invalid;

C. A judgement in favor of Onscreen that Pioneer has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '917 and '633 patents;

D. An award of damages to be paid by Pioneer adequate to compensate Onscreen for Pioneer's past infringement of the '917 and '633 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts, including but not limited to, those acts not presented at trial;

E. A judgement that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

F. An award to Onscreen of such further relief at law or in equity as the Court deems just and proper.

Dated: August 5, 2021

Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/Jeffrey F. Craft*
Jeffrey F. Craft (SBN 147186)
1731 Fox Springs Circle
Newbury Park, CA 91320
Telephone: (302) 449-9010
jcraft@devlinlawfirm.com

Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
Derek Dahlgren (*pro hac vice* to be filed)
ddahlgren@devlinlawfirm.com
Srikant Cheruvu (*pro hac vice* to be filed)
scheruvu@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff
Onscreen Dynamics, LLC*

5

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on August 5, 2021

                                           */s/Jeffrey F. Craft*
                                              Jeffrey F. Craft