DEVLIN LAW FIRM LLC
Jeffrey F. Craft (SBN 147186)
jcraft@devlinlawfirm.com
1731 Fox Springs Circle
Newbury Park, CA 91230
Telephone: (302) 449-9010

Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
Derek Dahlgren (*pro hac vice* to be filed)
ddahlgren@devlinlawfirm.com
Srikant Cheruvu (*pro hac vice* to be filed)
scheruvu@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Onscreen Dynamics, LLC*

*List of counsel continued on next page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ONSCREEN DYNAMICS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PIONEER POS SOLUTION, INC.<br><br>Defendant. | Case No. 2:21-cv-03181-CJC (DFM)<br><br>Judge Cormac J. Carney<br>Magistrate Judge Douglas F. McCormick<br><br><br>**JOINT RULE 26(f) REPORT** |
| PIONEER POS SOLUTION, INC., a California corporation,<br><br>    Counterclaimant,<br><br>    v.<br><br>ONSCREEN    DYNAMICS,    LLC,    a Delaware limited liability company; and ROES 1 through 10, inclusive,<br><br>    Counterdefendants. | |

WU & REDDY, A PROF. CORP.
Charles C.H. Wu, SBN 166756
  cchwu@wclawyers.com
Vikram M. Reddy, SBN 228515
  vreddy@wclawyers.com
Elena N. Sandell, SBN 333153
  esandell@wclawyers.com
98 Discovery
Irvine, California 92618-3105
Telephone: (949) 251-0111

*Attorneys for Defendant and
Counterclaimant Pioneer POS Solution, Inc.*

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 and the Court's July 15, 2021 Notice of Intent (D.I. 34), Plaintiff and counter-defendant Onscreen Dynamics, LLC ("Onscreen" or "Plaintiff") and defendant and counterclaimant Pioneer POS Solution, Inc. ("Pioneer" or "Defendant") submit this Joint Rule 26(f) Report and case management and discovery schedule. Counsel have conferred pursuant to Fed. R. Civ. P. 26(f)(1).

## a.   Synopsis

### Plaintiff's Statement

Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 717 N. Union Street, Wilmington, DE, 19805.

On April 14, 2021, Plaintiff filed this lawsuit accusing Pioneer of directly and indirectly infringing U.S. Patent Nos. 9,395,917 (the "'917 patent") and 9,645,663 (the "'663 patent") (collectively, the "Asserted Patents").

The Asserted Patents claim technologies for providing an electronic display(s) with a virtual bezel area and an active touchscreen region, both of which display portions of content but have different modes of response to certain touch-based inputs. The Asserted Patents also claim technologies to prevent unintended registering of touching of a touchscreen electronic display, thereby avoiding unintended actions.

Plaintiff accuses Pioneer of direct infringement of the Asserted Patents by Pioneer's selling, offering to sell, making, using, and/or providing and causing to be used electronic devices with touchscreen capabilities including the use of a virtual bezel. The Accused Instrumentalities include, but are not limited to touchscreen point of sale systems such as the Cyprus, Stealth Touch II, S-Line II, StealTouch M7, and ST3, and medical grade touchscreens and all-in ones that operate on the Linux Operating System (collectively, the "Accused Products").

Pioneer filed an Answer and Counterclaims on July 15, 2021. Plaintiff filed an answer to Pioneer's Counterclaims on August 5, 2021.

## Defendant's Statement

Defendant denies all the allegations purporting in any way that Defendant has infringed the Asserted Patents at issue in this lawsuit, either directly or indirectly. Defendant has filed an answer asserting affirmative defenses as well as counterclaims asserting the Asserted Patents are invalid and/or that Defendant's products do not infringe the Asserted Patents.

### b.    Legal Issues

The principal legal issues in this case include at least the following:

- The proper construction of the claims of the Asserted Patents.
- Whether the Accused Products infringe the Asserted Patents.
- Whether the Asserted Patents are valid and/or unenforceable.
- Whether Defendant is liable for willful infringement, if infringement is proven.
- The amount of a reasonable royalty, if any.

### c.    Damages

## Plaintiff's Statement

Discovery in this matter has not yet begun. No documents have yet been exchanged and no depositions of any of Pioneer's witnesses have occurred. Accordingly, Plaintiff does not yet have the information necessary to provide a complete calculation of damages.

Subject to the paragraph above, Plaintiff will seek damages based upon a reasonable royalty for Pioneer's infringement pursuant to 35 U.S.C. § 284. *See*, *e.g.*, *Bard Periph. Vascular, Inc. v. W.L. Gore & Assocs., Inc.,* 670 F.3d 1171 (Fed. Cir. 2012); *Powell v.*

*Home Depot U.S.A., Inc.*, 663 F.3d 1221 (Fed. Cir. 2012); *Funai Elec. Co. Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357 (Fed. Cir. 2012). Courts have recognized a number of factors to be considered in determining a reasonable royalty, including the factors enumerated in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). Plaintiff anticipates calculating a reasonable royalty rate based upon the factors set forth in *Georgia Pacific* and its progeny. Without the benefit of discovery, Plaintiff cannot currently conduct a reasonable royalty analysis. Plaintiff will also request Pioneer be ordered to pay interest on any damages awarded. *See, e.g.*, 35 U.S.C. § 284; 28 U.S.C. § 1961; *Gen. Motors Corp. v. Devex*, 461 U.S. 648 (1983); *Fractus, S.A. v. Samsung Elecs. Co. Ltd.*, 2012 WL 2505741, at **46- 47 (E.D. Tex. Jun. 28, 2012).

Plaintiff may further seek enhanced damages up to treble damages pursuant to 35 U.S.C. § 284 for Pioneer's willful infringement of the Asserted Patents. Plaintiff may also request that this case be deemed exceptional and that this Court order Pioneer to pay Plaintiff's attorney's fees, costs, and expenses, as provided by 35 U.S.C. § 285 and 28 U.S.C. § 1920. *See, e.g., ICU Medical, Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368 (Fed. Cir. 2009).

### Defendant's Statement

Defendant's position is that Plaintiff is not entitled to any damages on its claims, and that it should prevail on its counterclaims as the Asserted Patents are invalid/unenforceable, and/or are otherwise not being infringed by Defendant.

### d.    Insurance

### Plaintiff's Statement

Plaintiff does not currently have in effect any indemnity or insurance agreements relevant to this lawsuit.

**Defendant's Statement**

Defendant is not aware of any insurance coverage and/or indemnitor(s) applicable to this case.

e.    **Motions**

**Plaintiff's Statement**

Plaintiff does not currently anticipate filing a motion to add any additional parties or claims, to amend pleadings, or to transfer venue. However, Plaintiff reserves the right to request the Court for relief under Fed. R. Civ. P. 21 to remove the improperly identified counterdefendants "Roes 1 through 10, inclusive" from this action. Plaintiff also expects to oppose Defendant's request to adopt and institute the Local Rules from the Northern District of California.

**Defendant's Statement**

In the event the Parties do not stipulate, Defendant may move the Court to adopt and institute the Local Rules for patent cases which have been issued by the United States District Court-Northern District of California, with the caveat that the dates in this Court's Scheduling Order supersede any dates/deadlines set forth in the Local Rules for patent cases which have been issued by the United States District Court-Northern District of California.

f.    **Discovery and Experts**

On August 18, 2021, the parties met and conferred and discussed a discovery and case management plan. The parties are working together to coordinate discovery. The Parties intend to exchange initial disclosures pursuant to Rule 26 on or before September 17, 2021, the day after the Court intends to issue a Scheduling Order in this matter. The parties do not believe that any changes to the form or requirement of such disclosures under

Rule 26 need to be made.

## Plaintiff's Statement

Plaintiff anticipates taking depositions of Pioneer's employees and 30(b)(6) witnesses in this matter. Plaintiff does not anticipate more than 10 party depositions, exclusive of expert depositions and third-party depositions. Plaintiff has received no discovery from Pioneer since the filing of the present Complaint. Plaintiff believes there is substantial discovery to be completed in this case and for Pioneer to provide to Plaintiff.

## Defendant's Statement

Defendant concurs with the estimated deposition logistics and parameters set forth in Plaintiff's Statement. In addition, Defendant does not believe that discovery needs to be conducted in phases or otherwise limited, or that any other orders need to be entered by the Court at this time.

Defendant has not conducted discovery thus far. Defendant anticipates seeking discovery via interrogatories, document requests, fact depositions, and expert discovery. Defendant intends to seek discovery on multiple issues, including but not limited to the following:

- Prior art related to the subject matter of the Asserted Patents;
- The conception and reduction to practice of the subject matter of the Asserted Patents;
- Information related to the design, testing, first public use, first public disclosure, and first offer for sale relating to the subject matter of the Asserted Patents;
- Prosecution of the Asserted Patents;
- Evidence supporting non-infringement of the Asserted Patents;
- Evidence supporting invalidity of the Asserted Patents;
- Evidence supporting equitable defenses;

- Evidence rebutting evidence Plaintiff puts forth; and
- Evidence related to the lack of damages.

Defendant does not propose any other changes to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

### The Parties' Joint Statement regarding Discovery

Unless otherwise specified in this Joint Rule 26(f) report, including Exhibit A submitted herewith, the parties agree to abide by the Court's Jury Trial Order in civil cases.

No discovery has been taken yet. The scope of anticipated discovery may include documents, interrogatory responses, requests for admissions, and depositions relating to the legal and factual issues identified in the parties Joint Rule 26(f) Report.

The parties agree concerning certain discovery limitations as outlined below. Unless as otherwise agreed, the parties agree that the Federal Rules of Civil Procedure, as modified by any applicable Local Rules or standing orders of the Court, govern.

The parties propose to meet and confer in good faith to determine the best method of document production, and to meet and confer in good faith regarding any other issues relating to the discovery of electronically stored information and, in the absence of agreement, shall request a scheduling conference with the Court.

**Interrogatories:** Each side may serve up to thirty-five (35) interrogatories to the other side.

**Requests for Admissions:** Each side may serve up to thirty-five (35) requests for admissions to the other side. This does not include Requests for Admission regarding the authentication of business records.

**Fact Witness Depositions:**

Each side shall be limited to no more than thirty-five (35) hours of deposition time for party depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) or 30(a)(1), but no more than seven (7) hours per person. Depositions of third parties shall be limited to seven (7) hours of deposition time per person, unless otherwise agreed.

**Expert Depositions:**  Each side may depose each opposing testifying expert witness for up to seven (7) hours per report served by a particular expert witness.  For the avoidance of doubt, an expert's opinions on infringement, validity, and damages shall be considered separate reports, regardless of whether they are included in a single document.

**Other:**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by email, and agree that the parties will treat service by email as being the same as service by hand under Fed. R. Civ. P. 5(b)(2)(A).  The addition of three days under Rule 6(d), FRCP shall apply to any documents served "by other electronic means. . . consented to in writing" under Rule (5)(b)(2)(E) if the document is served on any weekend day (starting any time after 5:00 PM PT on a Friday), on a federal holiday, or any day on which the court is closed.

The parties anticipate the need for a protective/confidentiality order with at least two levels of confidentiality, including Attorneys' Eyes Only designations.  The protective/confidentiality order will also address the claw-back of inadvertently-produced privileged documents.  To the extent the parties seek the review of source code, the parties will need to establish protocols for such review.

Moreover, to the extent third-parties, such as inventors, are abroad, the schedule will need to accommodate procedures for taking international depositions and obtaining international documents.

**g.    Dispositive Motions**

The parties anticipate that there may be dispositive motions filed as to at least issues of infringement/non-infringement and validity/invalidity of the Asserted Patents, and/or the issue of damages.

The parties also anticipate the need for motions *in limine* in advance of trial.

**h.    Settlement and Settlement Mechanism**

The parties will continue to explore settlement as appropriate and, pursuant to Local Rule 16-15.4, they will participate in alternative dispute resolution proceeding, if necessary. The parties believe that ADR would be most effective after at least some discovery into the technical issues presented in the case and potentially claim construction, and quantification of relevant financial information. The parties tentatively agree to mediation with a private mediator, but will revisit this choice after the parties have engaged in meaningful discovery.

### i.    Trial Estimate:

Both Plaintiff and Defendant have requested a trial by jury.

Plaintiff estimates 7 court days for the trial of the claims raised in Plaintiff's Complaint, and anticipates calling approximately 4-6 witnesses, including party witnesses, experts, and third-party witnesses (as needed). In this case, there are two related patents-in-suit. The Asserted Patents share the same inventors. There may be more than one technical expert as to the patented technologies. There will be a damages expert, and there may be technical experts addressing issues of patent invalidity if such issues will be raised by Defendant at trial.

Defendant estimates 7-10 court days for the trial of the claims raised in Plaintiff's Complaint and Defendant's counterclaims, and anticipates calling approximately 6-8 witnesses, including party witnesses, experts, and third-party witnesses (as needed). There may be more than one technical expert as to the patented technologies. There will be a damages expert, a patent claim construction expert, and there will likely be technical experts addressing issues of patent invalidity and unenforceability.

### j.    Timetable

The completed "Presumptive Schedule of Pretrial Dates" is attached hereto as

Exhibit A and is consistent with the Court's Scheduling Order.

### k.    Other Issues

Plaintiff's Position: Plaintiff opposes Defendant's request to adopt and institute the Patent Local Rules issued by the Northern District of California as they are not relevant to this matter, and believes this Court's own rules and procedures sufficiently govern the expected issues in this action.  Plaintiff is not aware of any other issues requiring judicial management.

Defendant's Position:  Defendant requests the Court to adopt and institute the Patent Local Rules for patent cases which have been issued by the United States District Court-Northern District of California, with the caveat that the dates in this Court's Scheduling Order supersede any dates/deadlines set forth in the Local Rules for patent cases which have been issued by the United States District Court-Northern District of California. Defendant also requests that the Court adopt the Protective Order authorized by the Northern District of California (found on the Northern District of California Court's website) to govern discovery in this matter.

Defendant is not aware of any other issues that need to be addressed with the Court at this time.

### l.    Conflicts

1.  For conflicts purposes only, Plaintiff identifies the following entities as parents, subsidiaries, and/or affiliates of Plaintiff:

2.  Defendant identifies the following entities as parents, subsidiaries and/or affiliates of Defendant:  Defendant filed its Notice of Interested Parties (Dkt. 30) and Disclosure Statement (Dkt. 31) on or about July 15, 2021. Even Systems Co. Ltd., a Taiwan-based entity is the parent company of Pioneer.

**m.    Patent Cases**

The parties agree that the Court should perform claim construction in this matter, permit the parties to submit claim construction briefs, hold a patent claim a.k.a. *Markman* claim construction hearing, and construe the Asserted Patent claims prior to expert discovery and summary judgment briefing and motions practice, as is common in patent cases.  Plaintiff opposes Defendant's request to adopt and institute the Patent Local Rules issued by the Northern District of California, specifically, the Northern District of California's Patent Local Rules 3-1 through 3-9 and 4.1, as this Court's own rules and procedures will sufficiently govern the expected issues in this action.

Defendant's Position:  Defendant requests this Court to adopt and institute the local rules for patent cases issued by the Northern District of California, with respect to the Asserted Patents, with the caveat that the dates in this Court's Scheduling Order supersede any dates/deadlines set forth in the Local Rules for patent cases which have been issued by the United States District Court-Northern District of California. Proposed dates and methodology for claim construction, filing of concurrent opening and reply briefs, and a Markman/claim construction hearing are set forth on the enclosed **Exhibit "A"** to this report.

**n.    Magistrate**

The parties do not consent to have a magistrate judge preside.

Defendant's Position:  Defendant does not wish to have a Magistrate Judge preside over this matter with the exception of discovery-related issues.

Dated: September 1, 2021

By: */s/ Jeffrey Francis Craft*
Jeffrey Francis Craft (SBN 147186)
jcraft@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1731 Fox Springs Circle,
Newbury Park, CA 91320

*Attorneys for Plaintiff Onscreen Dynamics*
*LLC*

Dated: September 1, 2021

By: */s/ Charles C.H. Wu*
Charles C.H. Wu, Esq.
Vikram M. Reddy, Esq.
Elena Sandell, Esq.
WU & REDDY, A Prof. Corp.

*Attorneys for Defendant and*
*Counterclaimant Pioneer POS Solution, Inc.*

Pursuant to Local Rule 5-4.3.4, I, Jeffrey F. Craft, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jeffrey F. Craft*
Jeffrey F. Craft

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on September 9, 2021

/s/ Jeffrey Francis Craft

Jeffrey Francis Craft

*Attorneys for Plaintiff Onscreen Dynamics, LLC*